# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY DONNELLY, *individually, and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLASVILLE BAY BREEZE, INC; and BILL KATSADOUROS,<br><br>Defendants. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Kimberly Donnelly ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Douglasville Bay Breeze Inc., and Bill Katsadouros (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action for unpaid minimum wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated hourly employees the minimum wage.

3.     Specifically, Named Plaintiff alleges that Defendants treat Named Plaintiff and others similarly situated as "tipped employees" because these employees receive tips from Defendants' customers. Defendants claim a "tip credit" against their federal minimum wage obligations and pay Named Plaintiff and other similarly situated employees less than $7.25 per hour in direct wages, but they fail to comply with legal requirements for taking the tip credit. Because Defendants do not permit their tipped employees to keep all of their tips and fail to provide legally sufficient notice of their intent to take the tip credit, Defendants cannot claim the tip credit and must pay Named Plaintiff and all similarly situated employees the full minimum wage for all hours worked.

4.     The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all employees who are paid less than $7.25 per hour and receive tips from Defendants' customers who worked at Defendants' Seabreeze Restaurant in Douglassville, Georgia within three years of the filing of this complaint (Named Plaintiff and all persons who consent to join this action are referred to collectively as "Plaintiffs").

## THE PARTIES

5. Defendant Douglasville Bay Breeze, Inc. ("Bay Breeze") is a Georgia corporation with its principal office address located at 9610 Highway 5, Douglassville, Georgia 30315.

6. Bay Breeze may be served with process through its registered agent, Bill Katsadouros, at 9610 Highway 5, Douglasville, Georgia 30315.

7. Defendant Bill Katsadouros is the CEO and registered agent of Defendant Bay Breeze and may be served wherever he may be found.

8. Named Plaintiff Kimberly Donnelly worked for Defendants as an hourly employee within three years preceding the filing of this Complaint.

9. Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

10. Other hourly employees, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

11. For example, Trina Cochran consents to join this collective action. *See* Exhibit 2.

## JURISDICTION AND VENUE

12. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

13. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

14. Bay Breeze is subject to personal jurisdiction in this Court because it is a Georgia corporation with its principal office address located in Georgia and conducts substantial business in Georgia.

15. Defendant Bill Katsadouros is subject to personal jurisdiction in this Court because he resides in, and is a citizen of, Georgia.

## BAY BREEZE IS COVERED BY THE FLSA

16. Bay Breeze is an enterprise engaged in commerce or the production of goods for commerce.

17. Bay Breeze operates a restaurant in Douglasville, Georgia which goes by the name "Seabreeze Restaurant."

18. At Seabreeze Restaurant, Bay Breeze employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for

commerce.

19. Bay Breeze employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

20. Bay Breeze employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

21. Bay Breeze's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, and food and beverage products, while performing their job duties.

22. Bay Breeze employs two or more individuals who process credit card transactions while performing their job duties.

23. Bay Breeze's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

**DEFENDANTS EMPLOYED THE PLAINTIFFS**

24. Bay Breeze and Katsadouros employed Plaintiffs within the meaning of the FLSA.

25. Bay Breeze and Katsadouros have the authority to hire and fire the Plaintiffs.

26. Bay Breeze and Katsadouros determine the employment policies

applicable to Plaintiffs.

27. Bay Breeze and Katsadouros have the authority to modify the employment policies applicable to Plaintiffs.

28. Bay Breeze and Katsadouros determine how much, and in what manner, Plaintiffs are compensated.

29. Bay Breeze and Katsadouros maintain the employment records, such as time and pay records, for Plaintiffs.

**FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION**

30. Defendants operate the Seabreeze Restaurant in Douglasville, Georgia.

31. Plaintiffs worked for Defendants as hourly employees at the Seabreeze Restaurant.

32. For example, Named Plaintiff Kimberly Donnelly worked for Defendants as a server at the Seabreeze Restaurant.

33. Customers of the Seabreeze Restaurant regularly leave discretionary gratuities ("tips") for the benefit of Plaintiffs.

34. The tips left by customers at the Seabreeze Restaurant belong exclusively to the Plaintiffs.

35. Because Plaintiffs regularly receive tips from Defendants' customers, Defendants classify Plaintiffs as "tipped employees" and take a "tip credit" against

their minimum wage obligations with respect to Plaintiffs.

36. Because Defendants take a "tip credit," Defendants pay Plaintiffs less than $7.25 per hour.

37. For example, Defendants paid Named Plaintiff $2.15 per hour.

## DEFENDANTS FAIL TO PROVIDE LEGALLY SUFFICIENT NOTICE OF THE TIP CREDIT

38. To be entitled to take the tip credit, Defendants must provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

39. However, Defendants fail to inform Plaintiffs at the Seabreeze Restaurant of the amount of cash wages Defendants pay Plaintiffs.

40. Defendants fail to inform Plaintiffs at the Seabreeze Restaurant of the amount Defendants claim as a tip credit against the federal minimum wage.

41. Defendants fail to inform Plaintiffs at the Seabreeze Restaurant that the tip credit claimed by Defendants cannot exceed the amount of tips received by Plaintiffs.

42. Defendants fail to inform Plaintiffs at the Seabreeze Restaurant that all tips received by Plaintiffs must be retained by them, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

43. Defendants fail to inform Plaintiffs at the Seabreeze Restaurant that the tip credit will not apply to Plaintiffs unless Plaintiffs receive notice of Defendants'

obligations under the tip credit.

44. Because Defendants do not properly inform Plaintiffs that Defendants take a tip credit against their minimum wage obligations, Defendants cannot claim a tip credit against the federal minimum wage.

**DEFENDANTS DO NOT PERMIT PLAINTIFFS TO KEEP THEIR TIPS**

45. To be entitled to take a tip credit against their minimum wage obligation, Defendants must permit Plaintiffs to keep all their tips.

46. However, Defendants cannot legally claim a tip credit against the federal minimum wage because Defendants do not permit Plaintiffs to keep all their tips.

47. Defendants enforce several policies against Plaintiffs that result in Plaintiffs not keeping all their tips.

48. For example, if Defendants' customers wait too long for their food to arrive, or otherwise have a complaint about Defendants' service, Defendants provide its guests with a complimentary appetizer.

49. However, Defendants require Plaintiffs to pay for the cost of the appetizer using their tips.

50. If a customer's order is incorrectly entered, Defendants provide the customer with a new, accurate order.

51. However, Defendants require Plaintiffs to pay for the cost of the incorrect order with their tips.

52. If a customer leaves the restaurant without paying, Defendants require Plaintiffs to pay for the cost of the bill using their tips.

53. Defendants also require Plaintiffs to share their tips with non-tipped employees, such as employees who work in the back of the restaurant preparing food.

**DEFENDANTS FAIL TO PAY THE TIPPED MINIMUM WAGE**

54. To claim the tip credit, Defendants must pay Plaintiffs at least $2.13 per hour.

55. In addition to not permitting Plaintiffs to keep all their tips, Defendants fail to pay Plaintiffs at least $2.13 per hour for all hours worked.

56. Defendants deduct the cost of uniforms and other "miscellaneous" items from Plaintiffs' direct wages resulting in Plaintiffs receiving less than $2.13 per hour for all hours worked.

57. For example, for the pay period December 29, 2019 through January 11, 2020, Defendants deducted $18.00 from Named Plaintiff's direct wages resulting in an effective hourly rate below $2.13 per hour. *See* Exhibit 3.

58. During the same pay period, Defendants deducted $18.00 from Opt-in

Plaintiff Trina Cochran's direct wages resulting in an effective hourly rate below $2.13 per hour. *See* Exhibit 4.

### DEFENDANTS CANNOT CLAIM THE TIP CREDIT AND MUST PAY PLAINTIFFS THE FULL MINIMUM WAGE

59. Because Defendants do not provide Plaintiffs with advance, legally sufficient notice of its intent to take a tip credit, Defendants are not entitled to take a tip credit and must pay Plaintiffs the full minimum wage.

60. Because Defendants do not permit Plaintiffs to keep their tips, Defendants cannot claim a tip credit against the federal minimum wage and must pay Plaintiffs the full minimum wage.

61. Because Defendants do no pay Plaintiffs at least $2.13 per hour for all hours worked, Defendants cannot claim the tip credit against the federal minimum wage and must pay Plaintiffs the full minimum wage.

62. Defendants' failure to pay Plaintiffs the minimum wage for all hours worked was willful.

63. Defendants know, or should have known, that to legally claim a tip credit against the federal minimum wage, Defendants must provide Plaintiffs with legally sufficient notice of their intent to take the tip credit and must permit Plaintiffs to keep their tips.

64. The federal regulations clearly state that to claim a tip credit Defendants

must inform Plaintiffs of the tip credit regulations and must permit Plaintiffs to keep their tips.

65. Defendants either consulted these regulations and failed to comply with them—which demonstrates a willful violation of the FLSA—or failed to consult these regulations which shows a reckless indifference to Plaintiffs' rights under the FLSA.

### COUNT 1: WILLFUL FAILURE TO PAY MINIMUM WAGES

66. Defendants claim a tip credit against their federal minimum wage obligations with respect to Plaintiffs.

67. Defendants pay Plaintiffs less than $7.25 per hour in direct wages.

68. However, Defendants cannot legally claim a tip credit against the federal minimum wage because Defendants fail to provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

69. Defendants cannot legally claim a tip credit against the federal minimum wage because Defendants do not permit Plaintiffs to keep their tips.

70. Defendants also cannot claim a tip credit against the federal minimum wage because Defendants fail to pay Plaintiffs at least $2.13 per hour in direct wages.

71. Because Defendants cannot legally claim a tip credit, Defendants must pay Plaintiffs at least $7.25 per hour.

72. Defendants do not pay Plaintiffs at least $7.25 per hour.

73. By failing to pay Plaintiffs at least $7.25 per hour, Defendants willfully violated the FLSA.

74. Because Defendants violated the FLSA, Plaintiffs are entitled to: (1) their unpaid wages; (2) an equal amount in liquidated damages; (3) to have all unlawfully retained tips returned to Plaintiffs; (4) liquidated damages in an amount equal to their unlawfully retained tips; and (5) their attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III. Declare that Defendants' violation of the FLSA is willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated all illegally retained tips;

VII. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unlawfully retained tips;

VIII. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

IX. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of herself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

- 14 -

Dated: May 7, 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.**<br>75 Fourteenth Street<br>26th Floor<br>Atlanta, Georgia 30309<br>404-873-8000<br>dcrawford@pcwlawfirm.com<br>jmays@pcwlawfirm.com<br><br>*Counsel for Plaintiffs* | */s/ Dustin L. Crawford*<br>Dustin L. Crawford<br>Georgia Bar No. 758916<br>John L. Mays<br>Georgia Bar No. 986574 |